UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

      Plaintiff,

v.                           Case No.:  2:25-cv-578-SPC-NPM

MATTHEW WOELK, in his
individual capacity, and CITY OF
PUNTA GORDA,

      Defendants.

_____

## OPINION AND ORDER

Before the Court is pro se Plaintiff Andrew Sheets' Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b)(1) and (6).  (Doc. 6).  For the following reasons, the Court denies the motion.

First, a bit of background.  Plaintiff filed this civil rights lawsuit against Defendant Matthew Woelk and City of Punta Gorda on July 2, 2025 ("*Woelk I*").  (Doc. 1).  He did not pay the filing fee or file a motion to proceed in forma pauperis, as required.  So on July 8, the Court dismissed the case without prejudice.  (Doc. 2).  Plaintiff moved for reconsideration, arguing procedural irregularity, manifest injustice, and denial of access—essentially contending that the "abrupt" dismissal was a "procedural trap."  (Doc. 4).  As it turns out, Plaintiff filed the case on the same day the statute of limitations expired.  But

he never mentioned this time constraint in his motion. The Court denied the motion, finding no extraordinary circumstances warranting reconsideration. (Doc. 5).

Plaintiff turned to plan B. On July 11 (9 days after the limitations period expired), he refiled the case. *See Sheets v. Woelk*, Case No. 2:25-cv-611-SPC-NPM ("*Woelk II*"). The Court dismissed the case as time-barred, finding that a previously dismissed complaint does not automatically stop the clock for a later filing. (*Woelk II*, Doc. 25). And because Plaintiff intentionally waited until the last day of the limitations period, he was not entitled to equitable tolling. (*Id.* at 4–5).

Now, Plaintiff returns with plan C. He asks the Court to vacate its dismissal order and reinstate *Woelk I* under Federal Rule of Civil Procedure 60(b)(1) and (6). (Doc. 6). Those rules permit a court to relieve a party from a final judgment, order, or proceeding due to "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." "[R]elief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, 580 U.S. 100, 123 (2017) (citation omitted). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors . . . includ[ing], in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Id.* (citation omitted).

2

To begin, Plaintiff argues that the dismissal for his failure to pay the filing fee or move in forma pauperis resulted from judicial and clerical error. He believes this case "was terminated without the required notice or cure opportunity," and he "expect[ed] a standard deficiency notice from the Clerk[.]" (Doc. 6 at 2). As such, he argues the error violated his statutory right to proceed in forma pauperis and his constitutional right of access to the courts. (*Id.* at 3). But the dismissal was not an error, and the Eleventh Circuit has said so. *See Myers v. City of Naples, Fla.*, No. 23-13073, 2024 WL 4691100, at *2 (11th Cir. Nov. 6, 2024) (affirming the dismissal of an unrepresented, non-prisoner litigant's complaint for failure to contemporaneously pay the filing fee or move in forma pauperis). And, as the Court discusses more *infra*, Plaintiff's decision to wait to pay the filing fee or file a motion to proceed in forma pauperis was intentional—certainly not the result of excusable neglect. Plaintiff is not entitled to relief under Rule 60(b)(1).

Next, Plaintiff argues that the dismissal deprived him of his right to be heard and directly prejudiced his constitutional claims. In his view, he "acted diligently and no prejudice would result to Defendants, [so] equitable relief is warranted." (Doc. 6 at 3). To the extent Plaintiff believes he is entitled to equitable tolling, the Court finds he is not.

The doctrine of equitable tolling is "an extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479

(11th Cir. 1993). To qualify, a movant must show two things: (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstance" stood in his way. *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006).

Although Plaintiff contends that he acted "diligently," the procedural history of the case belies such a conclusion. (Doc. 6 at 3). The Court already explained to Plaintiff in its dismissal order that his "predicament is one of his own making." (*Woelk II*, Doc. 25 at 5). In other words, Plaintiff waited until the end of the limitations period to file, which is not a basis by itself to permit equitable tolling. *See, e.g.*, *Winslett v. Nutribullet, LLC*, No. 19-14089-CIV, 2020 WL 3316132, at *3 (S.D. Fla. Mar. 24, 2020) (rejecting equitable tolling argument where plaintiffs waited until the last day of a four-year limitations period to file suit).

Additionally, Plaintiff filed a timely motion for reconsideration. (Doc. 5). But, as noted above, he did not alert the Court to the statute of limitations issue in that motion. That course of action might have afforded Plaintiff the relief he seeks. *See Justice*, 6 F.3d at 1481 ("In that motion he could have alerted the district court that because the statute of limitations had expired, the dismissal without prejudice would operate as a dismissal with prejudice. As such, he could have argued, dismissal was improper, given that the events which led to the dismissal reflected mere negligence, and not willful

contempt."). But, based on the fact that Plaintiff filed the case on the last day of the statute of limitations, it is clear to the Court that he was aware of the issue, but for whatever reason, he chose not to include it in his motion. His actions demonstrate that his decisions are not the result of excusable neglect. Rather, they are calculated and intentional, encapsulating the type of "willful contempt" that dooms his argument that a "manifest injustice" would occur if the Court did not reopen the case. *Id.*; *cf. Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 924 (11th Cir. 1986) (dismissal with prejudice is a sanction of last resort, proper only where there is a clear record of delay or willful contempt).

Notably, this case is not a one-off. The table below lists several of Plaintiff's civil rights cases filed over the last two years. As the table underscores, Plaintiff is a serial litigant who routinely and intentionally waits until the last day (or within just a few days) of the four-year limitations period to file his civil rights suits:

| Case Number | Date of Incident | Date Case Filed |
| --- | --- | --- |
| 2:24-cv-495-KCD-DNF | May 30, 2020 | May 29, 2024 |
| 2:24-cv-704-SPC-KCD | August 12, 2020 October 1, 2020 | August 9, 2024 |
| 2:24-cv-943-SPC-NPM | October 20, 2020 | October 8, 2024 |
| 2:24-cv-958-JES-DNF | October 21, 2020 October 23, 2020 | October 20, 2024 |
| 2:25-cv-61-KCD-DNF | January 24, 2021 | January 24, 2025 |
| 2:25-cv-130-KCD-DNF | February 18, 2021 | February 18, 2025 |
| 2:25-cv-444-SPC-NPM | May 25, 2021 | May 25, 2025 |
| 2:25-cv-493-KCD-DNF | June 7, 2021 | June 9, 2025 |

| | | |
|---|---|---|
| 2:25-cv-500-KCD-NPM | June 24, 2021 | June 24, 2025 |
| 2:25-cv-578-SPC-NPM | July 2, 2021 | July 2, 2025 |
| 2:25-cv-583-SPC-DNF | July 3, 2021 | July 3, 2025 |
| 2:25-cv-653-SPC-NPM | July 22, 2021 | July 22, 2025 |
| 2:25-cv-644-KCD-DNF | July 18, 2021 | July 18, 2025 |
| 2:25-cv-667-JES-DNF | July 25, 2021 | July 25, 2025 |
| 2:25-cv-1000-KCD-DNF | November 5, 2021 | November 5, 2025 |

Plaintiff is within his rights to wait until the last day, which he apparently prefers to do. But doing so leaves no room for error. In this case (and numerous others), it was his choice to wait until the last day of the limitations period to file suit, and he has no explanation for waiting to file on the deadline or his failure to pay the filing fee. *See Winslett, LLC*, 2020 WL 3316132, at *3 ("A plaintiff who waits until the end of a limitations period to file will generally have difficulty showing that she diligently pursued her rights if something unexpected or extraordinary comes up while she is trying to file at the last minute.").

Simply because Plaintiff incorrectly expected to receive a cure period does not mean he is entitled to one. In fact, Plaintiff's motion highlights the fact that he knew the rules required him to file a motion to proceed in forma pauperis or pay the filing fee when he filed the case. He states, "Plaintiff elected to proceed in forma pauperis, *expecting a standard deficiency notice from the Clerk.*" (Doc. 6 at 2 (emphasis added)). His own language makes clear that he intentionally filed the case but not a motion to proceed in forma pauperis, demonstrating an intentional lack of diligence.

Equitable tolling does not extend to "garden variety claim[s] of excusable neglect" or ignorance of the judicial process. *Justice*, 6 F.3d at 1480. "Failing to ensure a filing fee is paid or an IFP motion is filed at the moment of a last-day filing is precisely the kind of neglect the law should not excuse." *Sheets v. Gorman*, Case No. 2:25-cv-612-KCD-NPM, (Doc. 37 at 4). Plaintiff's case is not entitled to equitable tolling because he offers the Court no extraordinary circumstance to justify his actions. "Put simply, [Plaintiff] did not give [him]self the diligence [he] was due; [he] was negligent, and has no place to point the finger of blame other than toward [himself]." *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 976 (11th Cir. 2012) (finding plaintiff not entitled to equitable tolling though the statute of limitations passed); *see also Bost v. Fed. Express Corp.,* 372 F.3d 1233, 1242 (11th Cir. 2004) (holding that "[e]quitable tolling is inappropriate when a plaintiff did not file an action promptly or failed to act with due diligence").

The Court will not excuse his neglect now. Plaintiff has failed to demonstrate excusable neglect or extraordinary circumstances justifying Rule 60 relief.

Accordingly, it is now

**ORDERED:**

Plaintiff Andrew Sheets' Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b)(1) and (6) (Doc. 6) is **DENIED.**

7

**DONE** and **ORDERED** in Fort Myers, Florida on January 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record